UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIE GARRETT, | No. 2:14-cv-1973 KJN P (TEMP) |
| Petitioner, | |
| v. | ORDER AND |
| R. GROUNDS, Warden, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for a stay and abeyance. Respondent filed an opposition to the motion, and petitioner filed a reply.

For the reasons stated below, the undersigned recommends denying petitioner's motion for a stay and abeyance.

**BACKGROUND**

On August 26, 2011, petitioner was convicted of forced oral copulation and forced oral copulation in concert with another in the Sacramento County Superior Court. The superior court sentenced petitioner to twenty years in state prison. (ECF No. 1 (Pet. at 1.))

On July 31, 2013, the California Court of Appeal affirmed petitioner's judgment of conviction. On November 13, 2013, the California Supreme Court denied review. (ECF No. 1 (Pet. at 2.))

1

On or about August 15, 2014, petitioner commenced this action by filing a federal habeas corpus petition. In the petition, petitioner asserts four claims for relief:

(1) This court should decide if a conviction unsupported by substantial evidence violates due process.

(2) This court should decide if testimony that C.G. offered to take a polygraph test violated due process.

(3) This court should decide if erroneous aiding and abetting instructions violated due process.

(4) This court should decide if a judgment dependent on unreliable DNA-profile evidence violates due process.

(ECF No. 1 (Pet. Ex. A.)

On December 2, 2014, respondent filed an answer to the petition. (ECF No. 11.) Petitioner did not file a traverse, so this matter was submitted for decision thirty days thereafter.

**PETITIONER'S MOTION FOR A STAY AND ABEYANCE**

Petitioner has filed a motion for a stay and abeyance and contends that he has uncovered several additional claims that he did not assert on direct appeal or in his original federal habeas petition. Petitioner now wishes to seek relief on the following additional unexhausted claims:

(1) The trial court violated his constitutional right to a fair and impartial jury.

(2) Petitioner was given full consecutive sentences without a special finding by a jury of his peers.

(3) Appellate counsel provided ineffective assistance of counsel by failing to raise claims (1) and (2).

(ECF No. 17 (Pet'r's Mot. for Sty. and Abey. at 1-2.))

Counsel for respondent filed an opposition to petitioner's motion for a stay and abeyance on the grounds that a stay is not appropriate in this case because petitioner has not demonstrated good cause for failing to previously bring these unexhausted claims, and petitioner's unexhausted claims are untimely. (ECF No. 20 (Resp't's Opp'n to Pet'r's Mot. for Sty. and Abey. at 3-4.))

////

**DISCUSSION**

The court recommends denying petitioner's motion for a stay and abeyance. As an initial matter, insofar as petitioner seeks a stay of this action under Rhines v. Weber, 544 U.S. 269 (2005), the undersigned finds that petitioner has not shown the requisite good cause for failing to exhaust his claims up to this point. The Ninth Circuit Court of Appeals has held:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014), cert. denied 135 S. Ct. 128 (2014). See also Mena v. Long, 813 F.3d 907 (9th Cir. 2016) (district courts have authority to stay habeas proceedings when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.") (quoting Rhines, 544 U.S. at 278).

In this case, petitioner has not provided this court with any "reasonable excuse" – let alone evidence in support of a reasonable excuse – to justify his failure to bring his unexhausted claims sooner. Blake, 745 F.3d at 982. As the Ninth Circuit made clear in Blake, a "bald assertion" does not amount to a showing of good cause. Id. Nor has petitioner demonstrated that his unexhausted claims are potentially meritorious as required. Rhines, 544 U.S. at 278. In fact, petitioner has not asserted any factual basis in support of his unexhausted claims, so this court cannot make a determination as to whether his claims are potentially meritorious in any case. Accordingly, petitioner is not entitled to a stay of this action under the Rhines procedure.

Insofar as petitioner seeks a stay of this action under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), abrogated on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir. 2007), the undersigned finds that entering a stay would not be a proper exercise of this court's discretion. See Mena, 813 F.3d at 910 ("district courts have authority to issue stays where such a stay would be a proper exercise of discretion") (quoting Rhines, 544 U.S. at 276). A habeas

petitioner is not required to show good cause for a stay under the Kelly procedure. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. Id. 1140-41.

In this case, petitioner's unexhausted claims are untimely. The California Supreme Court denied petitioner's petition for review on November 13, 2013, so his conviction became final ninety days later, on February 11, 2014, when the time for filing a petition for a writ of certiorari with the United States Supreme Court had expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on February 12, 2014, and expired one year later on February 12, 2015. 28 U.S.C. § 2244. Although petitioner filed his original federal habeas petition in August 2014, he did not raise his new unexhausted claims until he filed the pending motion for a stay and abeyance in August 2015, well after the statute of limitations had expired. Contrary to petitioner's contention, the pendency of this action did not toll the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 172 (2001).

To be sure, if newly exhausted claims are untimely, a habeas petitioner may amend them into a pending federal habeas petition if they "relate back" to the petitioner's original exhausted claims, that is, if the newly exhausted claims share a "common core of operative facts" with the original exhausted claims. King, 564 F.3d at 1141 (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)). Here, however, the undersigned cannot conceive of how petitioner could amend his unexhausted claims into his pending federal habeas petition. Based on the limited information he has provided in his motion, petitioner's claims do not appear as though they could share any "common core of operative facts" with his original exhausted claims. Mayle, 545 U.S. at 664. A new claim does not "relate back" to an original claim simply because it arises from "the same trial, conviction, or sentence." Id. at 662. Accordingly, petitioner is not entitled to a stay of this action under the Kelly procedure.

In sum, for all of the foregoing reasons, the court recommends denying petitioner's motion for a stay and abeyance.

**OTHER MATTERS**

Petitioner filed multiple requests for an extension of time to file a traverse in this matter while his motion for a stay and abeyance was pending. Petitioner contends that he only received respondent's answer when respondent's counsel provided him with a courtesy copy of it in connection with the parties' briefing on his motion for a stay and abeyance. Good cause appearing, the court grants petitioner an extension of time to file a traverse in this matter.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motions for an extension of time to file a traverse (ECF Nos. 21, 24-25, 27, 29-30 & 33) are granted. Within sixty days of the date of service of this order, petitioner shall file a traverse.

2. Petitioner's request for a ruling on his motions for an extension of time (ECF No. 31) is granted.

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's motion for a stay and abeyance (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 21, 2016

garr1973.styd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE